JS - 6

LINK: 3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4562 GAF (PLAx) | Date | July 29, 2010 |
|---|---|---|---|
| Title | Nicole Nelson v. American Home Mortgage Servicing, Inc. et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None | None | |

**Proceedings:** (In Chambers)

**ORDER RE: MOTION TO DISMISS**

**I.
INTRODUCTION & BACKGROUND**

     In November 2006, Plaintiff Nicole Nelson ("Nelson") obtained a $564,000.00 loan from American Home Mortgage.  (See Req. Jud. Not., Ex. 1 [Deed of Trust]; Not., Ex. 1 [Compl. ¶ 18].)  As security for the loan, Nelson executed a deed of trust with respect to real property located in Lakewood, California (the "Property").  (Not., Ex. 1 [Compl. ¶ 6].)  Nelson subsequently defaulted on her loan, and the property was sold at a trustee's sale on March 19, 2009.  (Req. Jud. Not., Ex. 2 [Trustee's Deed Upon Sale].)

     On April 1, 2008, Nelson filed for bankruptcy.  (Id., Ex. 3.)  On January 25, 2010, Nelson commenced this action against American Home Mortgage Servicing, Inc. and American Home Mortgage[1] in Los Angeles County Superior Court.  (Not., Ex. 1 [Complaint].)  Nelson asserts six causes of action: (1) unfair and deceptive acts; (2) wrongful foreclosure; (3) cancellation of notice of defaults and notice of trustee sale; (4) rescission of trustee sale; (5) quiet title; and (6) injunctive relief.[2]  (Id.)

---

     [1] According to the Trustee's Deed Upon Sale, American Home Mortgage Servicing Inc. was formerly known as American Home Mortgage.  (Req. Jud. Not., Ex. 2.)

     [2] The first page of the complaint alleges seven causes of action, but Nelson failed to include any allegations with regard to her claim for cancellation of the trustee's deed upon sale in the body of her complaint.

JS - 6

LINK: 3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4562 GAF (PLAx) | Date | July 28, 2010 |
|---|---|---|---|
| Title | Nicole Nelson v. American Home Mortgage Servicing, Inc. et al | | |

American Home Mortgage Servicing, Inc. ("American Home"), the servicer of Nelson's loan (Mem. at 1.), removed the action to this Court on June 21, 2010 (Docket No. 1.), and now moves to dismiss. The Court concludes that Nelson's complaint fails to adequately plead a federal claim and **GRANTS** American Home's motion to dismiss Nelson's claims asserted pursuant to federal law. Because Nelson's complaint no longer presents a federal question, the Court **REMANDS** the remaining state law claims. The Court explains its reasoning in greater detail below.

**II.
DISCUSSION**

**A. FAILURE TO FILE OPPOSITION**

Despite receiving notice of the present motion to dismiss (Docket No. 3 [Notice of Electronic Filing].), the Court has not received any opposition from Nelson. On that basis alone, the Court could grant the motion. See C.D. Cal. R. 7-12 ("failure to file any required paper . . . may be deemed consent to the granting . . . of the motion"). However, in the interest of creating a complete record, the Court will address the merits of American Home's motion.

**B. RULE 12(B)(6) LEGAL STANDARD**

On a motion to dismiss brought pursuant to Rule 12(b)(6), a court must accept as true all factual allegations pleaded in the complaint, and construe those facts and draw all reasonable inferences therefrom "in the light most favorable to the nonmoving party." Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996); see also Stoner v. Santa Clara County Office of Educ., 502 F.3d 1116, 1120-21 (9th Cir. 2007). While a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation, alteration, and internal quotation marks omitted). Likewise, the court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. . . . While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 129 S. Ct. 1937,

---

(Not., Ex. 1 [Compl.].)

JS - 6

LINK: 3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4562 GAF (PLAx) | Date | July 28, 2010 |
|---|---|---|---|
| Title | Nicole Nelson v. American Home Mortgage Servicing, Inc. et al | | |

1949–50 (2009) (citing Twombly, 550 U.S. at 555); see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation omitted).

**C. APPLICATION**

A number of Nelson's claims contain references to the Federal Trade Commission Act, the Truth in Lending Act, and the Real Estate Settlement Procedures Act. However, as discussed below, Nelson cannot assert claims pursuant to any of these federal laws.

**1. FEDERAL TRADE COMMISSION ACT**

Nelson's first claim for unfair and deceptive acts alleges violations of the Federal Trade Commission Act ("FTCA"). (See Compl. ¶ 10.) The Federal Trade Commission Act renders "unfair or deceptive acts or practices in or affecting commerce . . . unlawful". 15 U.S.C. § 45(a)(1). The FTCA, however, does not provide individuals with a private right of action. See Carlson v. Coca-Cola Co., 483 F.2d 279, 280 (9th Cir. 1973) ("The protection against unfair trade practices afforded by the Act vests initial remedial power solely in the Federal Trade Commission.") (emphasis added); 15 U.S.C. § 45 (vesting the power to enforce the Act in the Federal Trade Commission, and not individuals); Gomez v. Wachovia Mortgage Corp., 2010 WL 291817, at *5 (N.D. Cal. Jan. 19, 2010) ("the FTCA does not provide a private right of action.") (citation omitted). Nelson therefore fails to state a cause of action under the FTCA, and her claim pursuant to this statute is **DISMISSED** *with prejudice*.

**2. TRUTH IN LENDING ACT**

The Truth in Lending Act ("TILA") provides two possible remedies: damages and rescission. 15 U.S.C. §§ 1635, 1640.

*a. Damages*

An individual plaintiff may seek actual or statutory damages for a creditor's violation of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4562 GAF (PLAx) | Date | July 28, 2010 |
|---|---|---|---|
| Title | Nicole Nelson v. American Home Mortgage Servicing, Inc. et al | | |

TILA, 15 U.S.C. § 1640(a).  However, any such claim must be brought "within one year from the date of the occurrence of the violation."  Id. § 1640(e).  The "general rule" in the Ninth Circuit is that "the limitations period starts at the consummation of the transaction."  King v. California, 784 F.2d 910, 915 (9th Cir. 1986).  Specifically, where a TILA claim is premised upon the creditor's alleged failure to make required disclosures, the limitations period commences at the time the loan documents were signed.  Meyer v. Ameriquest Mortgage Co., 342 F.3d 899, 902 (9th Cir. 2003).

Because the loan at issue was consummated in November 2006 (see Req. Jud. Not., Ex. 1.), the one-year statute of limitations expired in November 2007.  Nelson did not file her initial complaint until January 2010, more than two years later.  Thus, unless the statute is equitably tolled, any claim pursuant to TILA is time-barred.  In the present case, Nelson has not made any argument regarding why the statute should be equitably tolled and the Court cannot discern any reason for doing so.  Indeed, Nelson's failure to file any opposition to the present motion implicitly suggests that no convincing argument for tolling is available.

Nelson's damages claim pursuant to TILA is barred by the applicable one-year statute of limitations.  Accordingly, Nelson's claim for TILA damages is **DISMISSED** *with prejudice*.

### b. *Rescission*

Nelson also seeks rescission of the loan pursuant to TILA.  (Compl. ¶¶ 25-27.)  Under TILA, a borrower generally may rescind a loan within three business days after it is consummated, see 15 U.S.C. § 1635(a); however, if the lender does not provide certain required disclosures, the borrower may rescind the loan within three years after consummation. See Semar v. Platte Valley Fed. Sav. & Loan Ass'n, 791 F.2d 699, 701 (9th Cir. 1986) (citing 15 U.S.C. § 1635(f)).  The right to rescission expires "three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered . . . ."  15 U.S.C. § 1635(f).  The section 1635 rescission right is a time-limited right of repose, and once the three-year time limit elapses, the borrower's rescission right is "completely extinguishe[d]." Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (1998).

Here, Nelson consummated the loan at issue in November 2006, and did not file the present lawsuit until January 2010, more than three years later.  Nelson's right of rescission has therefore expired.  Moreover, the Property was sold at a trustee's sale on March 19, 2009, which

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4562 GAF (PLAx) | Date | July 28, 2010 |
|---|---|---|---|
| Title | Nicole Nelson v. American Home Mortgage Servicing, Inc. et al | | |

also cut off Nelson's right to rescind the loan. Accordingly, Nelson's rescission right is extinguished, and her claim for TILA rescission is barred.

Nelson's claim for rescission pursuant to Section 1635(f) of TILA is **DISMISSED** *with prejudice*.

### 3. RESPA VIOLATIONS

Nelson alleges that American Home violated RESPA by failing to provide her with (1) a "Special Information Booklet," and (2) a "HUD-1 Settlement Statement one day prior to the close of escrow . . . ." (Compl. ¶ 9.)

Under Section 2604, the Secretary of Housing and Urban Development ("Secretary") "shall prepare and distribute booklets to help persons borrowing money to finance the purchase of residential real estate better understand the nature and costs of real estate settlement services." 12 U.S.C. § 2504(a). However, courts have consistently held that "[t]here is no private right of action for disclosure violations . . . under § 2604." Rosal v. First Fed. Bank of Cal., 671 F. Supp. 2d 1111, 1125 (N.D. Cal. 2009) (citation omitted); see also Agbabiaka v. HSBC Bank USA Nat'l Ass'n, 2010 WL 1609974, at *4 (N.D. Cal. April 20, 2010) ("There is no private right of action under RESPA for violations of Sections 2603 and 2604."); Collins v. FHMA-USDA, 105 F.3d 1366, 1368 (11th Cir. 1997) (holding that "there is no private civil action for a violation of 12 U.S.C. § 2604(c), or any regulations relating to it"). The Court's reading of Section 2604, consistent with the reasoning of district courts in California, confirms that Section 2604, as applied, does not provide Nelson with a private right of action. Nelson's claim pursuant to 12 U.S.C. § 2604 is **DISMISSED** *with prejudice*.

As for the HUD-1 Settlement Statement, 12 U.S.C. § 2603 requires the Secretary to "develop and prescribe a standard form for the statement of settlements costs which shall be used . . . as the standard real estate settlement form in all transactions . . . which involve federally related mortgage loans." 12 U.S.C. § 2603(a). But courts have consistently held that no private right of action exists under this section of RESPA. See Sipe v. Countrywide Bank, 690 F. Supp. 2d 1141, 1155 (E.D. Cal. 2010) ("to the extent this claim really asserts a violation of § 2603, which requires a standard disclosure at or before 'settlement,' this section does not create a private right of action.") (citations omitted); Bloom v. Martin, 865 F. Supp. 1377, 1384-85 (N.D. Cal. 1994). Thus, Nelson's claim pursuant to 12 U.S.C. § 2603 is **DISMISSED** *with prejudice*.

JS - 6

LINK: 3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 10-4562 GAF (PLAx) | Date | July 28, 2010 |
|---|---|---|---|
| Title | Nicole Nelson v. American Home Mortgage Servicing, Inc. et al | | |

### 4. NELSON'S REMAINING CAUSES OF ACTION

Because the Court has already determined that Nelson's claims pursuant to the FTCA, RESPA, and TILA fail, to the extent that Nelson's remaining causes of action are premised on violations of these statutes, those claims are **DISMISSED** *with prejudice*.

### III.
### CONCLUSION

Because the Court concludes that Nelson's claims pursuant to the FTCA, TILA, and RESPA must fail, the Court **GRANTS** American Home's motion to dismiss those claims asserted pursuant to federal law.  The complaint no longer presents a federal question and Nelson's remaining state law claims are hereby **REMANDED** to Los Angeles County Superior Court pursuant to 28 U.S.C. § 1367(c).

The hearing presently scheduled for Monday, August 2, 2010 is hereby **VACATED**.

**IT IS SO ORDERED.**